IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAIME LEONEL ORELLANA BRITO,

    Petitioner,

vs.                                  Case No. 3:15-cv-00820-DRH

**CHIEF DIRECTOR OF THE
DEP'T OF HOMELAND SECURITY,
DIRECTOR OF THE CHICAGO
FIELD OFFICE OF IMMIGRATION
CUSTOMS ENFORCEMENT,
ATTORNEY GENERAL,
WARDEN OF MCHENRY
COUNTY JAIL,
WARDEN OF KENOSHA
COUNTY DETENTION CENTER,
WARDEN OF BRASIL
DETENTION CENTER,
WARDEN OF ALEXANDRIA
DETENTION CENTER,
WARDEN OF GINA
DETENTION CENTER,
WARDEN OF PUERTO ISABEL
DETENTION CENTER,
WARDEN OF TRI-COUNTY
DETENTION CENTER,**

    Respondents,

<u>MEMORANDUM AND ORDER</u>

**HERNDON, District Judge:**

    Jaime Leonel Orellano Brito is currently being held at the Tri-County Detention Center in Ullin, Illinois. (Doc. 7.) Proceeding *pro se*, Brito has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention by Immigration & Customs Enforcement officials since August 22,

2014. (Doc. 13 at 2) Brito insists that his detention is improper because he has been detained pending removal for longer than the six months that is presumptively allowed under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and there is no likelihood of removal in the reasonably foreseeable future.

This matter is now before the Court for a preliminary review of the petition. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, upon preliminary review of the petition by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action.

## Background

Brito is a native citizen of Honduras who has lived in the United States for almost eleven years. (Doc. 13 at 2.) On August 22, 2014, he was taken into custody by Immigration and Customs Enforcement officials in Shelbyville County, Indiana. (*Id.*) His custody status was first reviewed on November 22, 2014; that review led to a written decision ordering Brito's ongoing detention. (*Id.*) On January 6, 2015, an immigration judge ordered that Brito be removed from the United States. (*Id.*) To date, Brito has not yet been removed from the United States, and he remains in detention pending removal. (*Id.*)

On July 2, 2015, Brito filed a petition for writ of habeas corpus in the Northern District of Illinois, challenging his ongoing detention. (Doc. 1.) On July 27, 2015, the Northern District transferred Brito's petition to this Court because Brito had been moved from the McHenry County Jail in Woodstock, Illinois to the Tri-County Detention Center in Ullin, Illinois. (Doc. 7.)

## Discussion

Brito's habeas petition alleges that his ongoing detention violates certain constitutional provisions and 8 U.S.C. § 1231(a)(6). The Court's preliminary review of Brito's petition suggests that his overall petition cannot be dismissed at the screening stage, so the petition will proceed past preliminary review. However, Brito has named a number of defendants that are not proper in a § 2241 action. In *Kholyavskiy v. Achim*, 443 F.3d 946, 952-53 (7th Cir. 2006), the Seventh Circuit held that an immigration detainee raising substantive and procedural due process challenges to his "confinement while awaiting removal" could only name the person who has immediate custody of him during his detention, and not high-level Immigration and Customs Enforcement officials or the Attorney General. Accordingly, all defendants other than the Warden of the Tri-County Detention Center will be dismissed from this case.

## Disposition

**IT IS HEREBY ORDERED** that Brito's petition for a writ of habeas corpus shall proceed past preliminary screening.

**IT IS FURTHER ORDERED** that the Chief Director of the Department of

Homeland Security, the Director of the Chicago Field Office of Immigration Customs Enforcement, the Attorney General, the Warden of the McHenry County Jail, the Warden of the Kenosha County Detention Center, the Warden of the Brasil Detention Center, the Warden of the Alexandria Detention Center, the Warden of the Gina Detention Center, and the Warden of the Puerto Isabel Detention Center are hereby **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the Warden of the Tri-County Detention Center shall answer Brito's petition within thirty days of the date this order is entered.[1] This order to respond does not preclude the respondent from making whatever waiver, exhaustion, or timeliness arguments it may wish to present to the Court. Service upon the Administrator, Tri-County Detention Center, 1026 Shawnee College Road, Ullin, Illinois, 62992 shall constitute sufficient service.

Out of an abundance of caution, and pursuant to Federal Rule of Civil Procedure 4(i), the **CLERK** is **DIRECTED** to send a copy of the petition and this Order to the United States Attorney for this District, and to send a copy of the petition and Order via registered or certified mail to the United States Attorney General in Washington, D.C., to the United States Department of Homeland Security, and to the United States Immigration & Customs Enforcement. The **CLERK** is also **DIRECTED** to not terminate counsel who entered designations in this case prior to the case's transfer to this Court at this early stage.

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 72.1(a)(2), this

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.

cause is **REFERRED** to Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

    **IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all parties consent to such a referral*.

    Petitioner is **ADVISED** of his continuing obligations to keep the Clerk (and Respondent) informed of any change in his whereabouts during this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

    **IT IS SO ORDERED.**

    DATED:  August 18, 2015

Digitally signed by David R. Herndon
Date: 2015.08.18 16:39:45 -05'00'

**United States District Judge**