IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAIME LEONEL ORELLANA BRITO,

    Petitioner,

vs.                                          Civil No.  15-cv-820-DRH-CJP

WARDEN of TRI-COUNTY DETENTION
CENTER,

    Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

This matter is now before the Court on respondent's motion to dismiss petition for writ of habeas corpus (Doc. 23).

### Relevant Facts and Procedural History

Jaime Leonel Orellana Brito filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 challenging his detention by Immigration and Customs Enforcement (ICE).  According to respondent, petitioner is a native and citizen of Honduras who entered the United States illegally around 2004.  ICE took him into custody in August 2014 and initiated removal proceedings.  A final order of removal was entered on May 7, 2015.  Doc. 18, pp. 1-2, and exhibits referred to therein.

The §2241 petition asserts that petitioner was held in ICE custody while ICE attempted to procure a travel document from Honduras so that petitioner could be removed to that country.  Petitioner asserts that his continued detention

by ICE is unlawful under *Zadvydas v. Davis*, 121 S. Ct. 2491 (2001).

Respondent moves to dismiss because petitioner has now been released from custody. On December 29, 2015, petitioner was removed to Honduras. See, Declaration of Supervisory Deportation Officer, Doc. 23, Ex. 1.

## Analysis

A petition under 28 U.S.C. §2241 is the appropriate vehicle for challenging the length of detention pending removal. *Zadvydas,* 121 S. Ct. at 2497-2498.

Under 28 U.S.C. § 2241(c), a writ of habeas corpus "shall not extend to a prisoner" unless he is "in custody." The "in custody" requirement is satisfied if the petitioner was in custody at the time of the filing of the petition. *Spencer v. Kemna,* 118 S. Ct. 978, 983 (1998). Therefore, a detainee who is released while his petition for writ of habeas corpus is pending meets the "in custody" requirement; his release does not necessarily render his petition moot.

However, the petition must still present a "case or controversy" under Article III, § 2 of the Constitution. That is, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer*, 118 S. Ct. at 983 (internal citation omitted).

The Seventh Circuit directs a federal court to "dismiss a case as moot when it cannot give the petitioner any effective relief." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004). That is the situation here. The petition did not contest the legality of the underlying removal order. Petitioner has received the relief sought,

i.e., release from ICE custody.

## Conclusion

Respondent's Motion to Dismiss (Doc. 23) is **GRANTED**.

The petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 (Doc. 1) is moot.  This action is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

**DATE:   April 13, 2016**

Digitally signed by
Judge David R. Herndon
Date: 2016.04.13
05:44:48 -05'00'

**United States District Court**